# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

| | |
|---|---|
| **BUFF CITY SOAP LLC, ET AL.** | **PLAINTIFFS / COUNTER-DEFENDANTS** |
| v. | CASE NO. 3:20-cv-00055-NBB-RP |
| **MAGEN BYNUM, BUFF CITY NEW ALBANY, LLC, ET AL.** | **DEFENDANTS / COUNTER-PLAINTIFFS** |

## ORDER GRANTING MOTIONS TO SEAL

Before the Court is Plaintiffs' Motion for Preliminary Injunction. (PI Motion, Doc. 107.) In connection with the PI Motion, the Parties have utilized (or will utilize) documents that are subject to the Court's Stipulated Protective Order. (SPO, Doc. 39.) The Parties, in two Motions (Docs. 114, 123), have asked the Court to accept under seal the following:

   a. Franchise Disclosure Document, Exhibit B to the PI Response;

   b. Email Chain Between Brad Kellum and Magen Bynum, Exhibit C to the PI Response;

   c. Email Chain Between Brad Kellum and Magen Bynum, Exhibit F to the PI Response;

   d. Excerpt from Buff City Soap Franchising LLC's Franchise Disclosure Document, Exhibit G to the PI Response;

   e. Email Chain Between Brad Kellum and Magen Bynum, Exhibit H to the PI Response;

   f. Form Process License Agreement, Exhibit I to the PI Response; and

   g. Franchising Operations Manual, Tulsa 041-Tulsa 118, which will be an exhibit to Plaintiffs' Reply.

"Courts have recognized that the public has a common law right to inspect and copy judicial records." *SEC v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993) (citing *Nixon v.*

*Warner Communications, Inc.*, 435 U.S. 589, 597 (1978); *Belo Broadcasting Corp. v. Clark*, 654 F.2d 423, 429 (5th Cir. 1981)). "The public's common law right," however, "is not absolute." *Van Waeyenberghe*, 990 F.2d at 848 (citing *Nixon*, 435 U.S. at 598; *Belo*, 654 F.2d at 430). "'Every court has supervisory power over its own records and files . . . .'" *Van Waeyenberghe*, 990 F.2d at 848 (quoting *Nixon*, 435 U.S. at 598). "Thus, the common law merely establishes a presumption of public access to judicial records." *Van Waeyenberghe*, 990 F.2d at 848 (citing *Littlejohn v. BIC Corp.*, 851 F.2d 673, 678 (3d Cir.1988)). The Fifth Circuit "has not assigned a particular weight to the presumption" nor "interpreted the presumption in favor of access as creating a burden of proof." *Bradley ex rel. AJW v. Ackal*, 954 F.3d 216, 225 (5th Cir. 2020). A court, ultimately, must balance the interests favoring disclosure with the interests offered in support of nondisclosure.

The Parties submit that the designated materials constitute highly confidential business and planning information that, if revealed publicly, would provide an immediate competitive and economic advantage to others, and an immediate competitive and economic disadvantage to the Parties. "[S]ealing may be appropriate," the Fifth Circuit has made clear, "where [documents] incorporate confidential business information." *North Cypress Med. Ctr. Operating Co., Ltd. v. Cigna Healthcare*, 781 F.3d 182, 204 (5th Cir. 2015) (citing *Nixon*, 435 U.S. at 598). The Court finds that it is appropriate here and justifies sealing the designated the materials.

The Court **GRANTS** the pending Motions to Seal (Docs. 114, 123) To the extent they have not already done so, the Parties shall immediately email to Chambers the designated materials identified in this Order, as well as unredacted copies of any briefing incorporating those materials. The redacted briefing shall remain on file (or be filed) with the Court. No

aspect of the designated materials in identified in this Order needs to be filed with the Court; the Court will consider and utilize the materials *in camera*.

**SO ORDERED**, this, the 17th day of June, 2021.

                                               /s/ Neal Biggers
                                              NEAL B. BIGGERS, JR.
                                              UNITED STATES DISTRICT JUDGE