IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**BUFF CITY SOAP, LLC, ET AL.** **PLAINTIFFS**

**V.** **CIVIL ACTION NO. 3:20-cv-55-NBB-RP**

**MAGEN BYNUM, ET AL.** **DEFENDANTS**

**MAGNOLIA SOAP & BATH HOLDING
CO., LLC, ET AL.** **COUNTER-CLAIMANTS**

**V.** **CIVIL ACTION NO. 3:20-cv-55-NBB-RP**

**BUFF CITY SOAP, LLC, ET AL.** **COUNTER-DEFENDANTS**

## ORDER DENYING MOTION TO DISMISS COUNTER-CLAIM

Presently before the court is the Motion to Dismiss Counter-Claim filed by plaintiffs/counter-defendants Buff City Soap, LLC, and Buff City Soap Holdings, LLC (collectively, "Buff City"), seeking to dismiss the counter-claim filed by defendants/counter-claimants Magnolia Soap & Bath Holding Co., LLC, Magnolia Soap & Bath Co. of Oxford, LLC, Magnolia Soap & Bath Co. of Tupelo, LLC, and Magnolia Soap & Bath Co. of New Albany, LLC (collectively, "Magnolia").  Upon due consideration of the motion, response, and applicable authority, the court is ready to rule.

In their counter-complaint, Magnolia alleges that, during the pendency of this litigation, Buff City contacted Magnolia's raw material suppliers, including Columbus Vegetable Oils, threatening that if they continued to do business with Magnolia, Buff City would no longer purchase materials from them.  Magnolia further alleges that as a result of these intentional and willful actions, Columbus Vegetable Oils stopped doing business with Magnolia, weakening the company's supply chain, causing unnecessary expenditures of time and money to find additional

suppliers, necessitating the need for the creation of a new internal ordering system, and forcing Magnolia to pay higher prices for raw materials.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

"A district court should dismiss for failure to state a claim only if 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 375 (5th Cir. 2004) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). "The complaint must be liberally construed in favor of the plaintiff, and all well-pleaded facts accepted as true." *Id.* "Even if it seems 'almost a certainty to the court that the facts alleged cannot be proved to support the legal claim,' the claim may not be dismissed so long as the complaint states a claim." *Id.* at 376 (quoting *Boudeloche v. Grow Chem. Coatings Corp.*, 728 F.2d 759, 762 (5th Cir. 1984)).

Buff City argues that Mississippi law does not recognize claims for intentional interference with business relations unless the interference diverts customers from a business. Magnolia responds that Mississippi has recognized such claims in *Nichols v. Tri-State Brick & Tile Co.*, 608 So. 2d 324 (Miss. 1992) and a line of cases which follow *Nichols*, including *AmSouth Bank v. Gupta*, 838 So. 2d 205 (Miss. 2002). Though *Nichols* involved contractual relationships which are not present under the facts of this case, the *Nichols* court rejected the proposition that a tortious interference claim must be directed at a third-party customer, stating, "Although often acts that satisfy the causation requirement will be directed at the third person

suppliers, necessitating the need for the creation of a new internal ordering system, and forcing Magnolia to pay higher prices for raw materials.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

"A district court should dismiss for failure to state a claim only if 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 375 (5th Cir. 2004) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). "The complaint must be liberally construed in favor of the plaintiff, and all well-pleaded facts accepted as true." *Id.* "Even if it seems 'almost a certainty to the court that the facts alleged cannot be proved to support the legal claim,' the claim may not be dismissed so long as the complaint states a claim." *Id.* at 376 (quoting *Boudeloche v. Grow Chem. Coatings Corp.*, 728 F.2d 759, 762 (5th Cir. 1984)).

Buff City argues that Mississippi law does not recognize claims for intentional interference with business relations unless the interference diverts customers from a business. Magnolia responds that Mississippi has recognized such claims in *Nichols v. Tri-State Brick & Tile Co.*, 608 So. 2d 324 (Miss. 1992) and a line of cases which follow *Nichols*, including *AmSouth Bank v. Gupta*, 838 So. 2d 205 (Miss. 2002). Though *Nichols* involved contractual relationships which are not present under the facts of this case, the *Nichols* court rejected the proposition that a tortious interference claim must be directed at a third-party customer, stating, "Although often acts that satisfy the causation requirement will be directed at the third person

with whom the plaintiff had a business expectancy … conduct interfering with the plaintiff may suffice." *Nichols*, 608 So. 2d at 329 n.4. In *AmSouth*, the court stated, "While the tort has its origin in efforts of a third party directed against a plaintiff's customers … 'conduct interfering with the plaintiff may suffice.'" *AmSouth*, 838 So. 2d at 214 (quoting *Nichols*, 608 So. 2d at 329 n.4).

The court finds that, at least under the limited review permitted by Rule 12(b)(6), Magnolia has sufficiently "state[d] a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. Accordingly, the court finds that Magnolia's counter-claim should survive this stage of the litigation, and Buff City's Motion to Dismiss Counter-Claim should be, and the same is hereby, **DENIED**.

**SO ORDERED AND ADJUDGED** this 29th day of September, 2021.

/s/ Neal Biggers
NEAL B. BIGGERS, JR.
UNITED STATES DISTRICT JUDGE

3